UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EBONY WHITFIELD, as administratrix of the
Estate of Roxanne Whitfield-Odle,

                      Plaintiff,

      v.

MONROE COUNTY, et al.,

                      Defendants.
_____

DECISION & ORDER

19-CV-6670CJS
21-CV-6253CJS

        Currently pending before the Court are motions filed by the plaintiff, Ebony Whitfield ("Whitfield"), as administratrix of the Estate of Roxanne Whitfield-Odle ("Whitfield-Odle"), to consolidate the above-captioned cases. (19-CV-6670, Docket # 24; 21-CV-6253, Docket # 3). In support of the motions, plaintiff has provided a proposed consolidated complaint against all defendants to both actions. (19-CV-6670, Docket # 24-2). Additionally, plaintiff has provided a stipulation executed by defendants Monroe County, the Monroe County Sherriff's Department, and PrimeCare Medical, Inc., all of whom are represented by the same counsel.[1] (19-CV-6670, Docket # 24-3). In the stipulation, defendants consent to consolidation of the actions and the filing of the consolidated complaint. (*Id.*). Considering the absence of any opposition and the advantages of consolidation, Whitfield's motions are granted.

        On September 13, 2019, Whitfield filed a complaint in New York State Supreme Court against Monroe County, the Monroe County Sheriff's Department, and John and Jane Doe

---

[1] These are the defendants who have already appeared in the actions. The only defendants who have not yet appeared are the Doe defendants named in Complaint 19-CV-6670.

alleging that defendants provided inadequate medical care to Whitfield-Odle while she was incarcerated at the Monroe County Jail. (19-CV-6670, Docket # 1). Defendants removed the action to this Court. (*Id.*). On January 8, 2021, Whitfield filed a complaint alleging the same claims against defendant PrimeCare Medical, Inc., a company that is alleged to have been a medical services provider at the Monroe County Jail (21-CV-6253, Docket # 1). On March 18, 2021, PrimeCare removed the action to this Court. (*Id.*). With the exception of the Doe defendants, the defendants have filed answers in both cases (19-CV-6670, Docket # 3; 21-CV-6253, Docket # 5).

Whitfield seeks to consolidate both cases and file the proposed consolidated complaint on the grounds that the actions involve common questions of law and fact. (19-CV-6670, Docket # 24-1 at ¶ 11). According to Whitfield, consolidation will expedite the litigation and conserve the resources of both the parties and the Court. (*Id.* at ¶ 12). I agree that consolidation of both cases is justified under Rule 42(a)(2) of the Federal Rules of Civil Procedure. Both cases involve common questions of law and fact – principally, whether the defendants provided adequate medical care to Whitfield-Odle during her incarceration. *See* Fed. R. Civ. P. 42(a)(2). Considering the likely substantial factual overlap between the cases and the minimal risk of confusion or prejudice, this Court finds that consolidation will conserve the parties' resources, minimize burden to witnesses, and further judicial economy. *See, e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.) ("[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation, [although] the discretion to consolidate is not unfettered") (internal citations omitted), *cert. denied*, 498 U.S. 920 (1990); *Richardson v. Michelin N. Am., Inc.*, 1998 WL 329387, *1 (W.D.N.Y. 1998) ("[t]he advantages of consolidation include cost and time savings for the parties, a more efficient use of

judicial resources, diminished inconvenience for the witnesses and a reduced or eliminated risk of inconsistent adjudications of common questions of fact and law").

Accordingly, Whitfield's motions for consolidation **(19-CV-6670, Docket # 24; 21-CV-6253, Docket # 3)** are hereby **GRANTED**. The Clerk of the Court is directed to consolidate the matters and designate 19-CV-6670 as the lead case. All further filings shall be made under case number 19-CV-6670. Whitfield shall file and serve the consolidated complaint by May 20, 2021. The Court will issue a separate order scheduling a conference for this matter.

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                    MARIAN W. PAYSON
                                    United States Magistrate Judge

Dated: Rochester, New York
       May 6, 2021